UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSEPH M. WISEMAN,

        Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of the Social Security
Administration,

        Defendant.

CAUSE NO. 3:19-CV-389 DRL

## OPINION & ORDER

Joseph M. Wiseman appeals from the Social Security Commissioner's final judgment denying his disability insurance. Mr. Wiseman requests remand with instructions to enter an immediate award of benefits or, in the alternative, remand of his claim for further consideration. Having reviewed the underlying record and the parties' arguments, the court grants Mr. Wiseman's request for remand (ECF 12) and remands the Commissioner's decision for further consideration.

## BACKGROUND

On August 30, 2015, Mr. Wiseman filed applications under both Title II for disability and disability insurance benefits and Title XVI for supplemental security income. R. 15. In both applications, he alleged disability beginning July 20, 2015. *Id.* These claims were denied initially on December 18, 2015, and then upon reconsideration on April 15, 2016. *Id.* Thereafter, Mr. Wiseman appeared and testified at a hearing held on August 17, 2017 in Fort Wayne, Indiana. *Id.* On April 26, 2018, the ALJ denied his request for benefits. *Id.* at 40. Mr. Wiseman asked SSA's Appeals Council to review the unfavorable decision. *Id.* at 162. On January 3, 2019, the Appeals Council denied review. *Id.* at 1-5. Thereafter, Mr. Wiseman timely filed his complaint in this court pursuant to 42 U.S.C. § 405(g).

STANDARD

The court has authority to review the Council's decision under 42 U.S.C. § 405(g); however, review is bound by a strict standard. Because the Council denied review, the court evaluates the ALJ's decision as the Commissioner's final word. *See Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). The ALJ's findings, if supported by substantial evidence, are conclusive and nonreviewable. *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is that evidence which "a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and may well be less than a preponderance of the evidence, *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citing *Richardson*, 402 U.S. at 401). If the ALJ has relied on reasonable evidence and built an "accurate and logical bridge from the evidence to conclusion," the decision must stand. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). Even if "reasonable minds could differ" concerning the ALJ's decision, the court must affirm if the decision has adequate support. *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

DISCUSSION

When considering a claimant's eligibility for disability benefits, an ALJ must apply the standard five-step analysis: (1) is the claimant currently employed; (2) is the claimant's impairment or combination of impairments severe; (3) do her impairments meet or exceed any of the specific impairments listed that the Secretary acknowledges to be so severe as to be conclusively disabling; (4) if the impairment has not been listed as conclusively disabling, given the claimant's residual function capacity, is the claimant unable to perform her former occupation; (5) is the claimant unable to perform any other work in the national economy given her age, education, and work experience. 20 C.F.R. § 404.1520; *see Young v. Secretary of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). The claimant bears the burden of proof until step five, where the burden shifts to the Commissioner to prove that the claimant can perform other work in the economy. *See Young*, 957 F.2d at 389.

At step one, the ALJ found that Mr. Wiseman had not engaged in substantial gainful activity since July 20, 2015. R. 18. At step two, the ALJ found that Mr. Wiseman had the following severe impairments: a history of seizures, a history of encephalopathy secondary to viral encephalitis and cystic encephalomalacia, and complaints of headaches/migraines. *Id.* The ALJ also found that Mr. Wiseman suffered from various other non-severe impairments. *Id.* At step three, the ALJ found that Mr. Wiseman did not have an impairment or combination of impairments that meets the severity of one of the listed impairments. *Id.* at 33. The ALJ then went on to formulate Mr. Wiseman's residual functional capacity. *Id.* At step five, the ALJ found that the claimant could perform past relevant work as a gas station cashier, a press operator, and a bowling alley operator, and was not disabled as defined under the Social Security Act. *Id.* at 38-39.

Mr. Wiseman challenges the ALJ's conclusions that he is not totally disabled. He presents three arguments: (1) the ALJ failed to weigh the medical opinion evidence concerning his mental impairments properly; (2) the ALJ failed to evaluate Mr. Wiseman's mental impairments under SSA's revised mental impairment listings; and (3) the ALJ erred in evaluating Mr. Wiseman's subjective symptom testimony and failed to consider his impairments in combination in assessing his residual functional capacity.

### A. *ALJ's Assessment of Medical Opinions.*

Mr. Wiseman first argues that the ALJ failed to give proper weight to medical opinions from two state agency medical consultants, an examining psychologist, and a treating neuropsychologist that supported a finding that Mr. Wiseman's mental impairments were severely limiting. Instead, the ALJ concluded that Mr. Wiseman's mental impairments, "considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities" and were consequently non-severe. *Id.* at 19.

An ALJ must consider all medical opinions in his opinion, 20 C.F.R. § 404.1527, although the ALJ is not required to address in writing every piece of evidence or testimony presented, *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). A treating physician's opinion is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence." *Larson v. Astrue*, 615 F.3d 744, 749 (7th Cir. 2010) (quoting 20 C.F.R. § 404.1527(d)(2)).[1] The ALJ must explain the weight he gave the opinion of the treating source, and he must not substitute his own judgment for the physician's opinion without relying on other medical evidence in the record. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000). A claimant "is not entitled to disability benefits simply because a physician finds that the claimant is 'disabled' or 'unable to work.'" *Id.* Rather, such a determination is at the discretion of the Commissioner. *Id.* (citing 20 C.F.R. § 404.1527(e)). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009).

The evidence presented before the ALJ was contradictory on the point of Mr. Wiseman's mental impairments, and the ALJ discussed the inconsistencies between Dr. Stemmler's November 2017 evaluation and the psychological consultative examination performed by Dr. Leslie Predina in September 2017. R. 23, 1485-94 (Dr. Predina's report), 1495-1503 (Dr. Stemmler's report). Dr. Stemmler opined that Mr. Wiseman had severe mental impairments. *Id.* at 1495-1503. Dr. Predina, however, opined that Mr. Wiseman had an "unimpaired" ability to sustain concentration and persistence, (*id.* at 23, 1487), that his judgment and common sense were "unimpaired," (*id.* at 23, 1489),

---

[1] Although the treating physician rule was eliminated for claims filed after March 27, 2017, *see* 20 C.F.R. § 404.1520c, Mr. Wiseman's claim was filed in August 2015, so the rule still applies. 20 C.F.R. § 404.1527.

and that he demonstrated only "mild" problems with memory, (*id.* at 23, 1489). *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.").

There also appears to be evidence that Dr. Stemmler was not aware of Mr. Wiseman's medical history, including Mr. Wiseman's apparent refusal of treatment. R. 23 ("he declined medication for depression and anxiety as well as declining counseling"), 29 ("as established throughout the record, psychiatric, psychological or therapy/counseling type treatments have not been sought and utilized by the claimant"). These go to the extent to which the ALJ discredited Dr. Stemmler's opinion based on the nature and extent of the treatment relationship. *See* 20 C.F.R. §§ 404.1527(c)(2)(ii), 416.927(c)(2)(ii) ("Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion.").

"Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits," the court must defer to the Commissioner's resolution of that conflict. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The court views "the record as a whole but do[es] not reweigh the evidence or substitute [its] judgment for that of the ALJ." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). Here, there were conflicting medical opinions as to Mr. Wiseman's mental impairments, and the ALJ was free to resolve that conflict reasonably based on the record evidence.

Although Dr. Stemmler stated she believed that Mr. Wiseman was disabled, such a determination is rightfully in the hands of the ALJ, not the doctor. *See* 20 C.F.R. § 404.1527(e). The ALJ spent many pages detailing why he credited Dr. Predina's opinion over Dr. Stemmler's as well as other opinions that were contrary to his conclusion. *See* R. 20-23, 26-33. Although the ALJ never explicitly referred to the *Moss* factors, the court can find analysis of those factors throughout the ALJ's opinion. The court is satisfied that the ALJ built a logical bridge from the evidence to his conclusion. The court will not undo his finding by reweighing the evidence, even if Mr. Wiseman may disagree

with his findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high").

        B.        *ALJ's Assessment of Mental Impairments under Revised Listings.*

Mr. Wiseman next argues that the ALJ evaluated Mr. Wiseman's mental impairments improperly under the SSA's revised mental impairment listings. At step three, it is the plaintiff's burden to present evidence that his impairments meet or equal a listed impairment. *Ribaudo v. Barnhart*, 458 F.3d 580, 583-84 (7th Cir. 2006). State agency psychological consultants reviewed Mr. Wiseman's claim in April 2016 prior to the ALJ's April 2018 decision. On January 17, 2017, following Mr. Wiseman's examination with the state agency psychological consultants, the SSA revised the mental impairment listings and adopted new names and new criteria for evaluating mental impairments. 81 Fed. Reg. 66138, *Revised Medical Criteria for Evaluating Mental Disorders* (Sept. 26, 2016). Although the ALJ sought a post-hearing mental exam and opinion from a consulting psychologist, Dr. Predina, the ALJ did not seek an opinion from her about the new mental impairment listings. The new listings, under the "B" criteria, list four areas of functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id.* The "C" criteria, an alternative to the "B" criteria, were also changed, which require a "serious and persistent" mental disorder of at least two years' duration with medical treatment, mental health therapy, psychosocial supports, or a highly structured setting that is ongoing and diminishes the symptoms and signs of the mental disorder and with a marginal adjustment. *Id.*

In the ALJ's opinion, he considered Mr. Wiseman's mental impairments under the criteria of adult mental disorders in listing 12.00, *see* R. 25; but, he considered the four broad areas of mental functioning known as the "B" criteria of the mental impairment listings without mentioning the new "C" criteria. The ALJ did not address the fact that the listings contained new criteria not considered

by the state agency psychological consultants, nor did he obtain an updated opinion concerning the updated listings from Dr. Predina.

The Listings describe impairments considered "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a), 416.925(a). This is an intentionally higher standard of severity than the "substantial gainful activity" analysis conducted at step one of the sequential evaluation process. *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). The reason for the heightened standard in the Listings is that they "were designed to operate as a presumption of disability that makes further inquiry unnecessary." *Id.* To match a listed impairment, the plaintiff must show that his impairment meets "all of the specified medical criteria." *Id.* at 530. "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* If an impairment does not meet the criteria, it can medically equal the criteria of a listed impairment. *See* 20 C.F.R. §§ 404.1525(c)(5), 416.925(c)(5). To meet this equivalence test, the plaintiff "must present medical findings equal in severity to all the criteria for the one most similar listed impairment." *Zebley*, 493 U.S. at 531. The plaintiff bears the burden of production and proof to show that his impairment meets or medically equals the severity and duration of the listed criteria. *See Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

At step three, the ALJ found that Mr. Wiseman did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. R. 25, 33. Mr. Wiseman challenges this finding, invoking the (A) and (C) criteria of listings 12.02 neurocognitive disorders; 12.04 depressive, bipolar, and related disorder; and 12.06 anxiety and obsessive-compulsive disorders. 20 C.F.R. §§ 404, subpt. P, app'x 1, 12.02, 12.04, 12.06; *see* 20 C.F.R. § 404, subpt. P, app'x 1, 12.00 ("Listings 12.02, 12.03, 12.04, 12.06, and 12.15 have three paragraphs, designated A, B, and C; your mental disorder must satisfy the requirements of both paragraphs A and B, or the requirements of both paragraphs A and C."). The Commissioner has not argued that Mr. Wiseman fell outside the

7

(A) criteria and conceded that that the ALJ never discussed the (A) criteria. The ALJ discussed his rejection of the (B) criteria, *id.* at 25, and Mr. Wiseman does not contest his finding here. Mr. Wiseman argues that the ALJ's failure to discuss the (C) criteria warrants remand.

To satisfy his burden in showing he met the (C) criteria, Mr. Wiseman was required to show that he had a "serious and persistent" mental disorder, which requires a medically documented history of the existence of the disorder over a period of at least two years and evidence of both of the following: (1) medical treatment, mental health therapy, psychosocial support, or a highly structured setting that is ongoing and that diminishes the symptoms and signs of the mental disorder; and (2) marginal adjustment: a minimal capacity to adapt to changes in the environment or to demands that are not already part of daily life. 20 C.F.R. §§ 404, subpt. P, app'x 1, 12.02(C), 12.04(C), 12.06(C).

The parties here offer conflicting evidence as to whether Mr. Wiseman would have met this high standard. Mr. Wiseman offers evidence of a medically documented history of a mental disorder for a period of at least two years duration by the time of the hearing, arguably satisfying the time criteria. Mr. Wiseman has also argued that he has had psychosocial support and a highly structured setting that is ongoing and that diminishes the symptoms and signs of the mental disorder as well as marginal adjustment. To show this, he offers evidence that prior to April 2015, he lived independently and maintained employment. R. 267, 269, 1091. Following an inpatient period of rehabilitation, he was discharged to the home of his parents and remained in their home through the time of his hearing. *Id.* at 52, 783. His father reported that he needed instructions and reminders in performing household chores. Mr. Wiseman testified that his mother helped set up his medication once a week and reported that he needed to be asked/reminded by his parents to take his pills daily. *Id.* at 62, 291. His cooking was restricted to the toaster or microwave. *Id.* at 69. Function reports completed by Mr. Wiseman and his mother Lovisa Wiseman indicated that Mr. Wiseman did not handle stress and changes in routine well. *Id.* at 266, 274, 295. Mr. Wiseman also reported that he no longer handles changes in routine

well; and, if he did not do things daily and in routine, he would forget them and that stress "freaks" him out and makes him feel nervous and sick. *Id.* at 295. There is evidence that Mr. Wiseman desired to return to work, and initially his neurologist released him to work 20 hours per week. *Id.* at 1136, 1138. Unfortunately, his return to work was unsuccessful after only a couple of weeks, which would suggest a minimal capacity to adapt to change, especially given Dr. Stemmler's opinion that returning Mr. Wiseman to work at that time would be setting him up to fail. *Id.* at 1502.

The Commissioner offered competing evidence that Mr. Wiseman may not have met the standard under paragraph (C). Yet the ALJ offered no independent analysis on how he concluded that Mr. Wiseman did not satisfy the criteria listed in paragraph (C). Given that Mr. Wiseman has raised evidence on the two-year duration of the condition, evidence of a highly structured setting, and marginal adjustment, the ALJ should have discussed the (C) criteria. While the court's role is limited to assessing whether the ALJ had "substantial evidence" to support his conclusion, *see Clifford*, 227 F.3d at 869, the absence of analysis of how he reached a conclusion on paragraph (C) necessitates remand. *See SEC v. Chenery Corp.*, 318 U.S. 80, 90-93 (1943); *Hanson v. Colvin*, 760 F.3d 759, 762 (7th Cir. 2014) ("We are particularly concerned about the *Chenery* violations committed by the government because it is a recurrent feature of the government's defense of denials of social security disability benefits, as this court has noted repeatedly."); *Larson v. Astrue*, 615 F.3d 744, 749 (7th Cir. 2010) ("But these are not reasons that appear in the ALJ's opinion, and thus they cannot be used here."); *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009) ("The ALJ is not required to discuss every piece of evidence, but must build a logical bridge from evidence to conclusion."); *see also Goodrich v. Berryhill*, 2019 U.S. Dist. LEXIS 18752 at 29-30 (N.D. Ind. Feb. 5, 2019) (Martin, J.) (reversing where the ALJ applied the new mental impairment listings without obtaining an updated opinion concerning the revised listings and updated medical evidence).

Because the ALJ evaluated Mr. Wiseman's mental impairments under SSA's revised mental impairment listings improperly, the court must remand the decision to the ALJ for further consideration of this issue. The court need not reach Mr. Wiseman's third argument because the ALJ's further analysis on his second argument may well lend itself to further impairments that alters the ALJ's conclusion for the third argument on remand. Given that the RFC would likely be impacted by how the ALJ rules on the second issue, the court does not reach the third issue.

CONCLUSION

For these reasons, while the court rejects the argument the ALJ failed to weigh the medical opinion evidence concerning Mr. Wiseman's mental impairments properly, the court agrees that the ALJ had not evaluated his mental impairments under SSA's revised mental impairment listings properly, so GRANTS the request for remand and REMANDS the Commissioner's decision.

SO ORDERED.

February 20, 2020 *s/ Damon R. Leichty*
Judge, United States District Court